UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY CRAWFORD, a.k.a. Betty Simpson,

           Plaintiff,

vs.

                                   Case No. 08-CV-12634

                                   HON. GEORGE CARAM STEEH

JP MORGAN CHASE BANK, NA,

           Defendant.

_____/

ORDER GRANTING
MOTION TO DISMISS (#9) AND DENYING MOTION TO AMEND (#18)

      Plaintiff brings the present lawsuit against JP Morgan Chase Bank, NA ("Chase")
alleging that defendant, in dishonoring a $200,000 cashier's check, breached Mich.
Comp. Laws Ann. §440.3409, §440.3413, §440.3412, §440.3411. Plaintiff also alleged
common law claims of breach of contract and promissory estoppel, as well as violation
of the Expedited Funds Availability Act ("EFAA"), 12 USCS §4001. Plaintiff now moves
pursuant to Fed. R. Civ. P. 15(a) to amend her first amended complaint to add a
common law claim of unjust enrichment. Defendant has filed the present motion to
dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P 12(b)(6) alleging
causes of action asserted by plaintiff either fail to state a claim upon which relief may be
granted or are barred by the applicable statute of limitations.

FACTUAL BACKGROUND

      This is a case stemming from a check issued to plaintiff by a company, Entech,
drawn on an account at Bank One, a predecessor to defendant JP Morgan Chase Bank,
NA. On or about August 2, 2002, Entech issued a $200,000 check ("Original Check") to
plaintiff Betty Crawford ("Crawford"), a Florida resident.

      On or about August 2, 2002, Crawford went to a Chase branch in Bloomfield
Hills, Michigan, and presented the Original Check for payment. Chase honored the

Original Check and issued a $200,000 cashier's check ("Cashier's Check") made payable to Crawford.  When Crawford returned home to Florida and deposited the Cashier's Check in her local bank, it was dishonored by Chase and returned unpaid.

Although the Cashier's Check was dishonored in August 2002, Crawford did not file her complaint in Oakland County Circuit Court until May 22, 2008, asserting four causes of action against Chase, all premised on provisions of the Uniform Commercial Code as adopted in Michigan ("UCC"), which addresses negotiable instruments.

Chase removed the case to federal court on June 20, 2008 and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Crawford then filed an amended complaint adding common law claims for breach of contract and promissory estoppel, as well as violation of the Expedited Funds Availability Act ("EFAA"), 12 USCS §4001.

The Court held oral argument on Chase's motion on Feb. 24, 2009, at which time Crawford agreed to dismiss the EFAA claim on grounds that it was barred by the relevant statute of limitations.

<u>STANDARDS FOR DISMISSAL UNDER RULE 12(b)(6) and RULE 15(a)</u>

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's recent articulation of the Rule 12(b)(6) standard in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 554, 556, 127 S. Ct. 1955, 1964-65 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do."  <u>Ass'n of Cleveland Fire Fighters v. City of Cleveland</u>, 502 F.3d 545, 548 (6th Cir. 2007) (quoting <u>Bell Atlantic</u>, 127 S. Ct. at 1964-65) (internal citations and quotations

2

omitted).  Even though the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. (citing Bell Atlantic, 127 S. Ct. at 1965).

A motion to dismiss a claim as barred by the statute of limitations may be granted when the Court can determine from the face of the complaint that a claim is time-barred. Hoover v. Langston Equipment Assoc., Inc., 958 F.2d 742, 744 (6th Cir. 1992).

Rule 15(a) provides that the Court should freely grant leave to amend when justice so requires.  The Supreme Court has explained that "[i]n the absence of any apparent or declared reason 'such as . . . futility of amendment' leave to amend should be freely granted." Foman v. Davis, 371 U.S. 178, 182 (1962).

ANALYSIS

Defendant's motion to dismiss raises four primary questions regarding Crawford's complaint: First, whether plaintiff has standing to enforce the Original Check; second, assuming plaintiff's standing, whether Chase paid the Original Check upon delivery of the Cashier's Check; third, whether Counts III and IV alleging wrongful non-payment of the cashier's check are time-barred; and, fourth, whether supplemental common law claims for breach of contract, promissory estoppel and unjust enrichment are preempted by the UCC.

I. Does the plaintiff have standing to enforce the Original Check under Mich. Comp. Laws Ann. §440.3309?

Chase argues that plaintiff does not have standing to enforce the Original Check under Mich. Comp. Laws Ann. §440.3409 because she is not in possession of the Original Check.

Sections 440.3309 and 440.3418(4) identify circumstances under which a person not in possession of an instrument can enforce it:

3

§3309 reads: (1) A person not in possession of an instrument is entitled to enforce the instrument if (I) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, *(ii) the loss of possession was not the result of a transfer by the person* or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process. (emphasis added)

§440.3418(4) applies: If an instrument is paid or accepted by mistake and the payor or acceptor recovers payment or revokes acceptance under subsection (1) or (2), the instrument is deemed not to have been paid or accepted and is treated as dishonored, and the person from whom payment is recovered has rights as a person entitled to enforce the dishonored instrument.

Defendants contend that under these provisions Crawford does not have standing to enforce the Original Check because (1) Crawford is not in possession of the Original Check, (2) she is not its drawer or payer, and (3) she has not alleged the Original Check was mistakenly paid by Chase.  Therefore, defendant argues, Crawford does not fall within Mich. Comp. Laws Ann. §440.3301(iii) ("a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3309 or 3418(4)"), and because of this has no standing to enforce the Original Check, having transferred her rights in the Original Check to Chase upon endorsement and delivery.

Crawford cites no authority in a response that contends "[i]t is not reasonable to suggest Plaintiff must somehow have current possession of a check that was admittedly negotiated in good faith, accepted, and exchanged for defendant's Cashier's Check.  If this was the case, the provisions of MCLA 440.3301 would always be unenforceable because similarly situated obligees would never have physical possession of the check that was necessarily negotiated to create the very acceptor obligations at issue."  Crawford also does not cite any authority in arguing that she is not attempting to enforce the Original Check, but the obligations of an acceptor under Mich. Comp. Laws Ann. §440.3413 (the obligation to pay an accepted draft is owed to the drawer, an endorser payor, or a "person entitled to enforce the draft").

4

Crawford does not have standing to bring a claim on Counts I and II because Mich. Comp. Laws Ann. §440.3301 only permits enforcement of the Original Check by those in possession of an instrument, or by those not in possession, but with rights to enforce pursuant to §3309 or 3418(4). She is not in possession of the instrument, and does not meet the requirements of sections 440.3309 or 440.3418(4) because her loss of possession was the result of a valid transfer and no mistake is alleged.

II. Did Chase pay the Original Check upon delivery of the Cashier's Check?

Even if Crawford were found to have standing to enforce the Original Check, defendant's obligations as an acceptor of the Original Check were satisfied by issuing a cashier's check. Mich. Comp. Laws Ann. §440.3310 (1) provides that, "Unless otherwise agreed, if a certified check, cashier's check, or teller's check is taken for an obligation, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the instrument were taken in payment of the obligation."

By issuing a cashier's check, a bank accepts its obligation to pay the cashier's check, not the underlying check that was exchanged for it. See Department of Treasury v. Bank of the Commonwealth, 111 Mich. App. 533, 556, 314 N.W.2d 688 (1981) (holding that bank accepted the cashier's check by issuing it); see also Henderson Glass v. Remes Glass, Inc., 136 B.R. 132, 136-37 (W.D. Mich. 1992) (observing that when a bank issues a cashier's check, it constitutes acceptance of that cashier's check) (internal citations omitted).

Crawford argues that "payment" as required by Mich. Comp. Laws Ann. §440.3414 is not accomplished unless a bank follows through with the transfer of funds represented by the cashier's check, but fails to cite authority in support of this proposition regarding the facts at hand. In Munson v. American National Title Bank and Trust Company of Chicago, 484 F.2d 620 (7th Cir. 1972), for instance, the ruling upholds a defendant bank's right to stop payment on a cashier's check. Pennsylvania v.

5

Curtis National Bank of Miami Springs, Florida, 427 F.2d 395 (5th Cir. 1970) notes that a cashier's check purchased for adequate consideration, unlike an ordinary check, stands on its own foundation as an independent unconditional and primary obligation of the bank.  Id. at 399-400. Munson and Curtis, both cited by plaintiff, speak to obligations related to cashier's checks, not obligations related to whatever underlying means were used to fund cashier's checks.

Because defendant's obligation upon the Original Check was satisfied by issuance of the Cashier's Check, Crawford fails to state a claim upon which relief can be granted on Counts I and II.

III. Are Counts III and IV time-barred under Mich. Comp. Laws Ann. §440.3118(4)?

In Counts III and IV, Crawford brings claims under Mich. Comp. Laws Ann. §440.3412 (obligation of an issuer to pay a note or cashier's check) and §440.3411 (wrongful refusal to pay a cashier's check).

Chase argues that because Crawford can only assert claims based upon the Cashier's Check, Counts III and IV should be barred by the three-year statute of limitations under Mich. Comp. Laws Ann. §440.3118(4).  Plaintiff does not address this argument specifically, and instead relies upon her assertion that the six-year statute of limitations under §440.3118(6) should apply because Chase has not paid the Original Check.

Section 440.3118(4)provides:

(4) An action *to enforce the obligation of the acceptor of* a certified check or the issuer of a teller's check, *cashier's check,* or traveler's check must be commenced without 3 years after demand for payment is made to the acceptor or issuer. (emphasis added)

Section 440.3118(6) provides:

(6) An action to enforce the obligation of a party *to pay an accepted draft*, other

6

than a certified check, must be commenced (I) within 6 years after the due date or dates stated in the draft or acceptance if the obligation of the acceptor is payable at a definite time, or (ii) within 6 years after the date of acceptance if the obligation of the acceptor is payable upon demand. (emphasis added)

This potential conflict was anticipated in a 1995 law review article, *Uniform Commercial Code Revised Article 3 and Amended Article 4: How Michigan Law Might Change*.  The authors wrote the following while discussing the potential statute of limitations ambiguity in this area:

> Despite the care given to drafting the revised code, there may be a conflict between Articles 3 and 4 and their respective limitation provisions. Specifically, §4-111 states that all actions arising under it must be within three years of the date the action accrues. Sections 3-118(c)-(f) refer to enforcement actions against such parties as acceptors, and those obligated to pay cashier's checks. These parties are often banks. Sections 3-118(c)-(f) call for limitation periods ranging from six to ten years. However, if the court determines that a customer's action arises under Article 4 provisions, then the limitation period is three years. This may produce an arguably unjustified conflict in the operation of the Article 3 and Article 4 provisions.
>
> For example, consider the situation where a bank's customer purchases a cashier's check and remits it to a third party. The bank later wrongfully dishonors the check. If the third party brings an action for consequential damages arising from the wrongful dishonor, the applicable section would be 3-118(d) allowing the action if begun within six years of demand. *If the hypothetical remitter, the payor bank's customer, brings an action for wrongful dishonor, the action would presumably be governed by Article 4 §4-402 and the limitation period in §4-111 would apply.* Therefore, the bank's customer, the remitter under Article 3, would be subject to Article 4's three-year statute of limitation. By operation of §4-102(1), which calls for conflicts between Article 3 and Article 4 to be resolved in favor of Article 4, §4-111 control where the plaintiff is the remitter, that is, the bank's customer. Clark C. Johnson and Tonie M. Franzese-Damron, *Uniform Commercial Code Revised Article 3 and Amended Article 4: How Michigan Law Might Change*, 74 Mich. B.J. 538, 541 (1995) (internal citations omitted) (emphasis added).

Since the Court has ruled above that plaintiff cannot sue on the Original Check, Crawford is limited to suing on the Cashier's check, which is covered by the three-year statute of limitations under Mich. Comp. Laws Ann. §440.3118(4).  Because defendant's obligation upon the Cashier's Check is time-barred, Crawford fails to state a claim upon which relief can be granted on Counts III and IV.

7

IV. Are supplemental common law claims for breach of contract, promissory estoppel and unjust enrichment preempted by the UCC?

Chase argues that the UCC preempts common law claims for breach of contract and promissory estoppel in Counts V and VI. Such preemption, if found, would also apply to the claim for unjust enrichment that plaintiff seeks to add through her motion to amend. Crawford cites Schering-Plough Heathcare Products, Inc. v. NBD Bank, N.A., 890 F. Supp. 651 (E.D. Mich. 1995), aff'd., 98 F.3d 904 (6th Cir. 1996) for the proposition that, "a drawee may be liable apart from the instrument based upon contract or tort theory of recovery."

UCC §1-103 allows the continued application of all supplemental bodies of law unless they are explicitly displaced by the UCC, raising the possibility that common law claims can be brought in an area primarily governed by the UCC.

There are no Sixth Circuit decisions precisely on this point. The Third Circuit has held that a common law claim is displaced when the UCC "provides a comprehensive remedy for parties to a transaction." New Jersey Bank v. Bradford, Inc., 690 F.2d 339, 346-47 (3rd Cir. 1982). A comprehensive remedy is one that would be rendered meaningless by allowance of common law claims. Id. The UCC also displaces the common law when, "reliance on the common law would thwart the purposes of the Code." Id. Relying primarily on Bradford, the court in Bucky v. Wachovia Bank, 591 F. Supp. 2d 773, 779 (E.D.Pa. 2008) (internal citations omitted), put forward a two-part test for evaluating when a common law claim should be allowed in an area normally controlled by the UCC: "Parallel Code and common law claims may be maintained except in circumstances where (1) the Code provides a comprehensive remedial scheme, and (2) reliance on the common law would undermine the purposes of the code."

The UCC as adopted in Michigan expressly sets out the duties and obligations of

8

banks as they relate to cashier's checks. "The issuer of a … cashier's check … is obliged to pay the instrument (I) according to the terms at the time it was issued." Mich. Comp. Laws Ann. §440.3412. If the issuer of a cashier's check wrongfully "refuses to pay a cashier's check," "the person asserting the right to enforce the check is entitled to compensation for expenses and loss of interest resulting from the nonpayment." Mich. Comp. Laws Ann. §440.3411. Furthermore, as discussed previously, Mich. Comp. Laws Ann. §440.3118(4) also provides that "An action to enforce the obligation of the acceptor of a certified check or the issuer of a teller's check, cashier's check, or traveler's check must be commenced within 3 years after demand for payment is made to the acceptor or issuer."

Because the UCC as adopted in Michigan provides a comprehensive remedial scheme in relation to the duties and obligations related to the issuance of cashier's checks, and because reliance on the common law would undermine the purposes of the code, the UCC preempts common law claims for breach of contract, promissory estoppel and unjust enrichment in this area. Crawford fails to state a claim upon which relief can be granted on Counts V and VI. In addition, plaintiff's proposed amended complaint asserting a claim of unjust enrichment is futile on the same grounds.

CONCLUSION

For the reasons stated in this opinion, all plaintiff's claims are DISMISSED. In addition, Crawford's proposed amended claim for unjust enrichment is DENIED as futile.

Dated: June 30, 2009

                              S/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

9

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 30, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk